Juan Ruiz Betancourt, Plaintiff and Appellee, v. Manuel Solís Sariego, Defendant and Appellant.

No. 8638.   Argued March 23, 1943.—Decided April 28, 1943.

A. L. López for appellant.   J. C. Rivera Morales for appellee.

Mr. Justice Travieso delivered the opinion of the court.

In his complaint, filed in the District Court of Humacao, Juan Ruiz alleged that he was bitten on the arms and on his right leg by a dog, the services of which were used by the defendant; that sometimes he had the dog tied with a chain and other times it was loose in an entrance hall (zaguán) that leads to a yard adjacent to his bakery; that the day of the events the plaintiff was in the street and the dog came running out of the hall and bit him, causing him wounds that compelled him to buy medicines and did not permit him to dedicate himself to his customary work and caused him physical suffering and mental anguish, for all of which he claimed compensation in the amount of $600, plus costs and attorney's fees.

The defendant answered, denying the essential facts in the complaint and also alleged that the plaintiff knows that he is not the owner of the dog and that he is only trying to obtain money from the defendant.

The court below entered judgment, ordering the defendant to pay the sum of $380 plus costs, including $75 for attorney's fees.

The defendant-appellant claims that the court below erred in weighing the evidence and in holding the defendant responsible for the damages claimed by the plaintiff.

■ The court below, in considering the evidence introduced by both parties, completely disregarded that introduced by the defendant because it did not deserve any credit. The plaintiff's evidence, which was believed by the trial judge, shows that, although the defendant was not the owner of the dog, he utilized it to take care of his property. We have examined all of the evidence and we can not agree with the appellant that there has been manifest error in weighing it.

■ Section 1805 of the Civil Code, 1930 ed., holds responsible the possessor of an animal or the one who uses the same, even when said animal should escape from him or stray, except when the damage should arise from *force majeure* or from the fault of the person who is injured, for the damage caused by it. It appearing from the evidence that in the instant case the defendant used the dog that bit the plaintiff to take care of his property and that the damages suffered by the plaintiff did not arise from his own fault or negligence, the decisions of this court in *Torres* v. *Dávila,* 47 P.R.R. 298; *Gigante* v. *Alvarez,* 48 P.R.R. 484; *Ferrer* v. *Rivera,* 56 P.R.R. 480; and *Vélez* v. *Orozco,* 59 P.R.R. 519 . . . are applicable. See Martínez Ruiz, *Interpretación al Código Civil,* vol. 11, p. 149.

The judgment appealed from is affirmed.